STATE *v.* WILLIAM B. SMITH.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 29, 1908.

*Intoxicating Liquors—Illegal Sale—Evidence—Sufficiency.*

In a prosecution for illegally selling intoxicating liquor, the only evidence of the offence was testimony that the witness and respondent, with whom he lived, sometimes sent together out of the State for liquor; that the witness would "put in" a dollar for a couple of quarts and it would come with respondent's liquor, and in respondent's name, the witness putting in the money most of

the times before the order was sent; that on the occasion in question, respondent told the witness that he was going to have some liquor come, and asked whether the witness wanted to send, and he answered that he had no money then; that the witness's share was to be 50 cents for a quart; that afterwards respondent set out a bottle of whiskey and said to the witness, "That is what you sent for," and the witness then took a drink, and never paid the 50 cents. *Held*, that it cannot be said, as matter of law, that there was a sale of liquor by respondent to the witness, rather than a purchase by respondent for himself and the witness, respondent loaning the witness the money for his share.

INFORMATION for illegally selling and furnishing intoxicating liquor. Plea, not guilty. Trial by jury at the December Term, 1907, Windsor County, *Powers,* J., presiding. Verdict, guilty, and judgment thereon. The respondent excepted. The opinion states the case.

*John J. Wilson* for the respondent.

*Edward R. Buck,* State's Attorney, for the State.

TYLER, J. Information for selling and furnishing intoxicating liquor without authority. The only evidence produced by the State tending to prove the offence charged was that of the witness Hartwell, which was, in substance, that the respondent boarded with him in the summer of 1907; that they sometimes sent together out of the State for liquor; that "I would put in a dollar for a couple of quarts and it would come with his liquor and in his name." Most of the time, but not always, Hartwell put in the money before the order was sent. On this occasion he did not have the money and never has paid the respondent for the quart of whiskey then obtained. When he came in from work, on the day alleged, the respondent was upstairs in his room. When Hartwell went up, the respondent set a bottle of whiskey on the stand and said, "That is what you sent for" and Hartwell took a drink. On cross-examination the witness testified: "He asked me if I wanted to send; that he was going to have some come. I said, 'I haven't the money to spare now.' My share was to be fifty cents for one quart."

Upon this evidence the transaction was susceptible of two constructions. It could not be held as matter of law that it was a sale from the respondent to Hartwell. The purchase may have been made by the respondent for himself and Hartwell, the respondent trusting Hartwell for the latter's share. The conduct of the respondent on the arrival of the liquor at his house in delivering one bottle to Hartwell, saying it was what he sent for, tended to show that they both regarded that bottle as Hartwell's, the respondent loaning him the money for the price paid.

We think the court erred in instructing the jury that if they believed the testimony of Hartwell, the transaction constituted the offence charged. The case should have been submitted to the jury to decide whether the respondent delivered the liquor to Hartwell as the latter's property, under an agreement, or whether the transaction constituted a sale.

*Judgment reversed, verdict set aside and cause remanded.*